IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HENRY A. CARDENAS, | ) | |
| | ) | **No.   08 C 2452** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE ASPEN |
| | ) | |
| CITY OF CHICAGO, A.R. CARRANZA, | ) | |
| DAVID T. TENCZA, M.S. FOSTER, | ) | |
| R.A. KERO, M.J. DARLING, | ) | Magistrate Judge Brown |
| T.M. ROSALES, T.V. TANTILLO, | ) | |
| E.L. MURPHY, J.D. DOSKOCZ, | ) | |
| and R.R. AGUILAR, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, answers Plaintiff's First Amended Complaint and states as follows:

**1.    This is an action for damages for wrongful arrest, search, and seizure with respect to Plaintiff Henry Cardenas's residence and property on June 17, 2007, and the subsequent failure to return such property.**

   **ANSWER:**   The City admits the allegations contained in this paragraph but denies any wrongdoing.

**2.    Plaintiff is seeking compensatory and punitive damages from the Defendant City of Chicago and Chicago Police Officers A.R. Carranza, David T. Tencza, M.S. Foster, R.A. Kero, M.J. Darling, T.M. Rosales, T.V. Tantillo, E.L. Murphy, J.D. Doskocz, and R.R. Aguilar for violating 42 U.S.C. § 1983 by acting under color of state law to deprive Plaintiff of his right to be free from unreasonable search and seizure under the Fourth Amendment and his right to bear arms under the Second Amendment of the United States Constitution.**

   **ANSWER:**   The City admits the allegations contained in this paragraph but denies any wrongdoing.

**3.     Plaintiff is seeking compensatory damages from Defendant City of Chicago and Chicago Police Officers A.R. Carranza, David T. Tencza, M.S. Foster, R.A. Kero, M.J. Darling, T.M. Rosales, T.V. Tantillo, E.L. Murphy, J.D. Doskocz, and R.R. Aguilar for its actions under color of state law which deprived Plaintiff of his rights under the United States Constitution to procedural and substantive due process.**

ANSWER:     The City admits the allegations contained in this paragraph but denies any wrongdoing.

**4.     Plaintiff is seeking the return of his wrongfully confiscated property.**

ANSWER:     The City admits the allegations contained in this paragraph but denies any wrongdoing.

## PARTIES AND JURISDICTION

**5.     Plaintiff Henry A. Cardenas was the victim of illegal search, seizure and arrest by Chicago Police Officers A.R. Carranza, David T. Tencza, M.S. Foster, R.A. Kero, M.J. Darling, T.M. Rosales, T.V. Tantillo, E.L. Murphy, J.D. Doskocz, and R.R. Aguilar.**

ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**6.     Defendants A.R. Carranza, David T. Tencza, M.S. Foster, R.A. Kero, M.J. Darling, T.M. Rosales, T.V. Tantillo, E.L. Murphy, J.D. Doskocz, and R.R. Aguilar (the "Defendant Officers") were, variously, the perpetrators of the illegal search, seizure, and arrest.**

ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**7.     Defendant City of Chicago is the municipal body under whose authority Defendant Officers acted, and that has failed, to date, to return Plaintiff's property.**

ANSWER:     The City admits that it is was an employer of the Defendant Officers on June 17, 2007. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

8. **Venue is proper in this judicial district under 28 U.S.C. § 1391(b).**

**ANSWER:** The City admits the allegations contained in this paragraph

9. **This Court has personal jurisdiction over Defendants under 28 U.S.C. § 1331.**

**ANSWER:** The City denies the allegations contained in this paragraph

## FACTUAL ALLEGATIONS

10. **Plaintiff is a resident of the State of Illinois.**

**ANSWER:** The City admits that, according to Chicago Police Department ("CPD") records, Plaintiff was listed as being a resident of the State of Illinois at the time of his arrest on June 17, 2007. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

11. **At the time relevant to this First Amended Complaint, Plaintiff resided at 3453 West 38th Street, Chicago, Illinois, in an attic apartment.**

**ANSWER:** The City admits that, according to CPD records, Plaintiff was listed as residing at 3453 West 38th Street in Chicago, Illinois at the time of his arrest on June 17, 2007. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

12. **On June 17, 2007, certain of the Defendant Officers arrived outside of Plaintiff's residence at approximately 6:00 a.m. and knocked at the ground-level front door of Plaintiff's residence.**

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. **When Plaintiff's landlord opened the first-floor front door of Plaintiff's residence, the Defendant Officers entered without consent and without presenting a valid search warrant.**

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**14. The Defendant Officers represented to Plaintiff's landlord that they were searching for a 17-year-old whom they ostensibly believed was present at Plaintiff's residence.**

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**15. Following their unlawful entry of the residence, certain of the Defendant Officers proceeded to knock at the door of Plaintiff's attic apartment.**

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**16. When Plaintiff's wife opened the apartment door, one of the Defendant Officers flashed her in the eyes with a police-issued flashlight and proceeded to enter Plaintiff's attic apartment without consent and without presenting a valid warrant.**

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**17. All of the Defendant Officers present began to unlawfully search the Plaintiff's apartment specifically and the residence generally.**

**ANSWER:** The City's answers to paragraphs 1 through 16 in response to the allegations in Plaintiff's complaint are incorporated herein as its answer to paragraph 17.

**18. Shortly thereafter, additional Defendant Officers arrived and entered Plaintiff's residence without consent and assisted in the unlawful search of the entire premises.**

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**19. All of the Defendant Officers who entered and searched Plaintiff's residence did so without consent and without producing a valid search warrant.**

    **ANSWER:**    The City admits that, according to CPD records, the Defendant Officers who arrested Plaintiff did not have a search warrant. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

    **20.**    **As a result of their unlawful search of the residence, the Defendant Officers found thirteen of Plaintiff's firearms.**

    **ANSWER:**    The City admits that, according to CPD records, one or more of the Defendant Officers recovered thirteen firearms belonging to Plaintiff. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

    **21.**    **The Defendant Officers unlawfully arrested Plaintiff and unlawfully seized thirteen of his firearms - several of which are family heirlooms and collectible, irreplaceable items - and wrongfully charged Plaintiff with thirteen misdemeanor counts of unlawful possession of firearms.**

    **ANSWER:**    The City admits, upon information and belief and according to CPD records, that Plaintiff was arrested, that thirteen firearms belonging to Plaintiff were recovered, and that Plaintiff was charged with thirteen misdemeanor counts related to registration of the firearms. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

    **22.**    **On September 11, 2007, the Circuit Court of Cook County dismissed all thirteen charges against Plaintiff because none of the Defendant Officers appeared on the scheduled court date.**

    **ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. The court, however, refused to return the confiscated firearms to Plaintiff.

ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**COUNT I - 42 U.S.C. § 1983 DEPRIVATION OF RIGHTS BY CITY OF CHICAGO WHICH HAS AN UNOFFICIAL POLICY OF NOT DISCIPLINING OFFICERS WHO ABUSE POLICE AUTHORITY**

24. Plaintiff repeats and re-alleges paragraphs 1-23 as though fully set forth herein.

ANSWER: The City's answers to paragraphs 1 through 23 in response to the allegations in Plaintiff's First Amended Complaint are incorporated herein as its answer to paragraph.

25. Defendant City of Chicago has engaged in a widespread practice that, although not authorized by law or express policy, is so well settled as to constitute custom or usage.

ANSWER: The City denies the allegations contained in this paragraph.

26. Defendant City of Chicago regularly fails to mandate the discipline of Chicago Police Department ("CPD") officers for their frequent unlawful and unconstitutional behavior, as it failed to do in this instance with respect to the Defendant Officers. By failing to mandate discipline in such situations, Defendant City of Chicago condones and allows this type of abuse of power from CPD officers.

ANSWER: The City denies the allegations contained in this paragraph.

27. Condoning and allowing such abuse of power constitutes a custom or unofficial policy of granting police officers liberties and allowing them to abuse their position as police officers, confident that they will be shielded from consequences.

ANSWER: The City denies the allegations contained in this paragraph.

28. The Defendant Officers were not disciplined for their unreasonable search and seizure and for the subsequent unwarranted arrest of Plaintiff.

ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**COUNT II - FOURTH AMENDMENT VIOLATION OF PLAINTIFF'S RIGHT TO NOT BE SUBJECTED TO UNREASONABLE SEARCH AND SEIZURE BY CITY OF CHICAGO AND CHICAGO POLICE OFFICERS A.R. CARRANZA, DAVID T. TENCZA, M.S. FOSTER, R.A. KERO, M.J. DARLING, T.M. ROSALES, T.V. TANTILLO, E.L. MURPHY, J.D. DOSKOCZ, AND R.R. AGUILAR**

**29.     Plaintiff repeats and realleges paragraphs 1-28 as though fully set forth herein.**

**ANSWER:**   The City's answers to paragraphs 1 through 28 in response to the allegations in Plaintiff's First Amended Complaint are incorporated herein as its answer to paragraph

**30.     The Defendant Officers had no warrant to search Plaintiff's residence.**

**ANSWER:**   The City admits, upon information and belief and according to CPD records, the allegations contained in this paragraph.

**31.     The Defendant Officers did not obtain Plaintiff's consent to enter or search his residence.**

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**32.     The Defendant Officers had no probable cause to search Plaintiff's residence.**

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**33.     At or around the time of the Defendant Officers' unlawful search, no evidence existed indicating the presence of an emergency, exigent circumstances, or physical danger which would serve to justify the Defendant Officers' warrantless entry.**

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**34.     The Defendant Officers unlawfully searched Plaintiff's residence.**

> ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**35. The Defendant Officers unlawfully took Plaintiff into custody and unlawfully seized thirteen of his firearms.**

> ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**COUNT III - SECOND AMENDMENT VIOLATION OF RIGHT TO BEAR ARMS BY CITY OF CHICAGO AND CHICAGO POLICE OFFICERS A.R. CARRANZA, DAVID T. TENCZA, M.S. FOSTER, R.A. KERO, M.J. DARLING, T.M. ROSALES, T.V. TANTILLO, E.L. MURPHY, J.D. DOSKOCZ, AND R.R. AGUILAR**

**36. Plaintiff repeats and realleges paragraphs 1-35 as though fully set forth herein.**

> ANSWER: The City's answers to paragraphs 1 through 35 in response to the allegations in Plaintiff's First Amended Complaint are incorporated herein as its answer to paragraph 36.

**37. Plaintiff possesses a valid FOID card (Firearm Owners Identification) card, which he presented to the Defendant Officers at the time of their unlawful search on June 17, 2007.**

> ANSWER: The City admits, upon information and belief and according to CPD records, that Plaintiff was in possession of a valid FOID card when he was arrested on June 17, 2007. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**38. The Defendant Officers seized Plaintiff's guns during an unreasonable search and seizure of Plaintiff's residence.**

> ANSWER: The City admits that thirteen of Plaintiff's guns were seized on June 17, 2007. The City is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in this paragraph.

**39.     Defendant City of Chicago has refused to order the return of Plaintiff's firearms, depriving Plaintiff of his right to bear arms.**

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

1.     The City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff.  745 ILCS 10/2-109 (2006).

2.     To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct.  745 ILCS 10/2-202 (2006).

3.     The City is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2006).

4.     The City is not liable to Plaintiff for any claims under Section 1983 if Plaintiff is unable to prove that he suffered a constitutional injury by the actions of the Defendant Officers.  See Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

5.      Plaintiff cannot prevail on any Section 1983 claim against the City if he cannot prove the existence of a custom, practice or policy that resulted in a deprivation of his constitutional rights.  Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978).

6.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton, and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  See Poole v. City of Rolling Meadows, 167 Ill. 2d 41, 656 N.E. 2d 768, 212 Ill. Dec. 171 (1995).

7.      To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendant City of Chicago respectfully requests a trial by jury.

                                                        Respectfully submitted,

                                                        MARA S. GEORGES
                                                        Corporation Counsel
                                                        City of Chicago


                                                By:     /s/ Thomas J. Aumann
                                                        THOMAS J. AUMANN
                                                        Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
(312) 744-1566 (Phone)

(312) 744-3989 (Fax)
Attorney No. 06282455

Case 1:08-cv-02452   Document 33   Filed 09/03/2008   Page 11 of 13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HENRY A. CARDENAS, | ) | |
| | ) | No.    08 C 2452 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE ASPEN |
| | ) | |
| CITY OF CHICAGO, A.R. CARRANZA, | ) | |
| DAVID T. TENCZA, M.S. FOSTER, | ) | |
| R.A. KERO, M.J. DARLING, | ) | Magistrate Judge Brown |
| T.M. ROSALES, T.V. TANTILLO, | ) | |
| E.L. MURPHY, J.D. DOSKOCZ, | ) | |
| and R.R. AGUILAR, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

To:   Juan David Pedraza
        Katz Law Office, Ltd.
        4105 West 26th Street
        Chicago, Illinois  60623
        juandavid@katzlawchicago.com

**PLEASE TAKE NOTICE** that on this 3rd day of September, 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the above persons at the above listed e-mail addresses this 3rd day of September, 2008.

/s/ Thomas J. Aumann
THOMAS J. AUMANN
Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
Attorney No. 06282455